Barney, J.,
delivered the opinion of the court:
This is a claim of one holding the position of second leader of the Marine Band for commutation of quarters and for the commuted value of heat and light for the same, amounting to the sum of $953.17, excluding that portion barred by the statute of limitations.
The claim is based upon the following clause of the Navy personnel act of March 3,1899 (30 Stats., 1909) :
“ That the band of the United States Marine Corps shall consist of one leader, with the pay and allowances of a first lieutenant; one second leader, whose pay shall be seventy-five dollars per month, and who shall have the allowances of a sergeant major,” etc.
The claimant has received the monthly pay thus provided, and this suit relates only to that part of the clause which declares that the second leader “ shall have the allowances of a sergeant major.”
In April, 1899, the claimant applied to the commanding officer of the Marine Barracks at Washington for quarters as forming a part of the allowances of a sergeant major, to which he was entitled under the foregoing clause of the Navy personnel act. There being no room at the Washington Barracks available for assignment to him for such purpose, his application was refused.
By the Army Begulations sergeant majors are entitled to quarters at the rate of one room, and by the act of March 2,1907, they are entitled to heat and light for the same. (34 *315 Stat., 1167.) The findings show that the plaintiff during the time for which the claim herein was made was not furnished the quarters or heat and light above provided for. Such being the case, the question for decision is whether he is entitled to commutation for the same. We have not been cited to any statute or decision of the courts that commutation for allowance not furnished to officers or enlisted men of the Army or Navy is paid unless such payment is provided for by some statute or authorized regulation. In other words, the right to commutation does not arise automatically from the provision for the allowance, but must be based upon some specific provision of law. Commissioned officers of the Army on duty where quarters can not be furnished them are allowed commutation for the same by the Army Eegulations (Army Eegulations, 1319-1327), but there is no such provision for enlisted men.
The plaintiff is not a commissioned officer, but only ranks as an enlisted man. If there had been sufficient accommodation at the Washington Barracks available for assignment to him he would have been entitled to one room as quarters and would doubtless have been furnished the same. There being, however, a lack of accommodations there, no authority existed for hiring the same, and in fact such hiring was forbidden by the act of June 22, 1874 (18 Stat., 144), unless an express appropriation had been made there-forv
As an indication of the intent of Congress regarding commutation for enlisted men attention is called to the act of May 4, 1898 (30 Stat., 388), making appropriations for the naval service for the fiscal year ending June 30, 1899, wherein an appropriation is made for the hiring of quarters for certain enlisted men employed in the office of the corps in Washington, including the leader of the Marine Band, but no appropriation was made for quarters for the second leader. Without some such appropriation or other specific provision we do not think the plaintiff is entitled to commutation for the same.
It follows from the foregoing that the petition must be dismissed, and it is so ordered.